BYRD *v.* WARDEN OF MARYLAND
HOUSE OF CORRECTION

[P. C. No. 65, September Term, 1959.]

*Decided February 19, 1960.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

PER CURIAM.

This is an application for leave to appeal from the denial of post conviction relief.

At a hearing before Judge Duckett, at which the petitioner was represented by court-appointed counsel and at which he was present in person and testified on his own behalf, the court, in its memorandum and order making final disposition of the petition, clearly stated the grounds on which the case was determined and made a separate finding, based on testimony taken at the hearing, as to each of the eleven contentions raised below by the petitioner.

On this application for leave to appeal, the petitioner abandoned most of the questions raised and decided below. Instead he relied on several restricted claims, which collectively constitute the only contention properly before us. In effect it is that since all persons involved in the offenses of which he was convicted—statutory rape and perverted practices—and all facts concerning such offenses were not known to the trial court, the petitioner was not given a fair and just trial. The contention is without merit. Judge Duckett found at the post conviction hearing that the petitioner, though he plead not guilty, had admitted his guilt at the trial and thereby rendered unnecessary the calling of other witnesses for the purpose of taking additional testimony. Moreover, the hearing also developed the fact that the character witnesses called by the defendant were not permitted to testify because they could not qualify.

Certain other claims concerning the characters of the other participants in the offenses of which the petitioner was convicted are not only irrelevant, but were not asserted below and will not be considered here. A further contention also not raised below—to the effect that the sentence of ten years for statutory rape was excessive—will likewise be ignored though we do observe that the maximum sentence could have been death under the statute.

*Application denied.*