PLAYER *v.* WARDEN OF MARYLAND
HOUSE OF CORRECTION

[P. C. No. 95, September Term, 1959.]

*Decided April 18, 1960.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

HORNEY, J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of post conviction relief. The petitioner was convicted of break-

ing a garage and was sentenced to four years in the House of Correction.

Only one ground for relief was alleged in the original petition. It was to the effect that the State, having proved that the garage had *not* been broken into, had effectively destroyed one of the elements of the crime of breaking and thereby failed to prove that the crime of "housebreaking" had been committed. The petitioner further stated that he was not "seeking a new trial or an appeal or to test the sufficiency of the evidence," but was seeking "immediate release from an illegal restraint." However, when counsel[1] had been appointed to represent him, the petitioner, having sought leave to amend, which was granted, filed an amended petition under oath in which he alleged that he had been denied the right to appeal because his trial attorney failed to file an appeal as directed and because the warden of the county jail prevented him from contacting other counsel. While testifying at the hearing, he further complained that the trial judge never paid any attention to his request for a reduction of the sentence.

After two hearings on the petition, Shure, J., found as a fact that trial counsel had never been requested to enter an appeal; that the jailer had not been requested to take any action with regard to the matter; and that the complaint to the trial judge concerned a reduction of the sentence only. On these findings the court denied the petition. The testimony taken at the hearing, as the record shows, fully supported denial of the petition.

On this application for appeal, the petitioner has seen fit to ignore the only grounds he had for relief and has attempted to revive the same improper contention—concerning the sufficiency of the evidence—he asserted originally in the lower court and subsequently abandoned on advice of counsel. Even if the question was one which could be raised in this collateral

---

1. We commend counsel appointed by the lower court, Irving V. M. Abb, Esq., for aiding the petitioner to so amend his petition as to present justiciable and comprehensive grounds for post conviction relief. In so doing he did what the statute impliedly intended that court-appointed counsel for indigent petitioners should do in every case in which such action is necessary.

proceeding, the renewal of it in this application for leave to appeal is tantamount to raising here for the first time a question which was not raised and decided below and could not for that reason be considered in this Court. See *Byrd v. Warden,* 222 Md. 577, 158 A. 2d 120 (1960).

*Application denied.*